HARRISON W. MILLS vs. U. S. SLICING MACHINE COMPANY.

Suffolk.    March 5, 1918. — May 22, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

Contract, Of employment, Construction. Agency, Ratification of acts of agent. Practice, Civil, Requests and rulings. Municipal Court of the City of Boston. Evidence, Competency, Remoteness.

In an action of contract against a corporation for breach of a contract in writing whereby the defendant agreed to employ the plaintiff for a year, a contention by the defendant, that one, who purported to act in its behalf in making the contract with the plaintiff and afterwards in discharging the plaintiff, had no authority so to act, became immaterial where it appeared that the defendant by its letters and its conduct ratified such acts of its alleged agent.

In a contract in writing for the employment of a salesman working on a commission, a promise by the salesman that he will "not during the life of this contract handle or represent or be interested in the sale of any other goods of like kinds as those handled by the" employer, does not entitle the employer to the entire time of the salesman in the sale of its goods nor prevent the salesman from selling the products of others so long as he does not handle or represent or become interested in the sale of goods of like kinds to those handled by the employer.

The question, whether evidence as to damages, presented at the trial in the Municipal Court of the City of Boston of an action of contract for a breach of an agreement of employment, was admissible or was too uncertain and remote, is not raised upon a report by the trial judge stating that the defendant asked for and he refused to give a ruling that "on all the evidence the plaintiff is not entitled to recover," where there was evidence warranting a finding that the contract was broken by the employer and the judge so found.

CONTRACT, with a declaration in two counts, the first count being for breach of an agreement in writing for the employment of the plaintiff by the defendant for a period of one year as a salesman upon a commission, and the second count (made immaterial by the finding of the trial judge) being upon an account annexed for $167.50, alleged to be due to the plaintiff as a commission for the sale of a specified machine. Writ in the Municipal Court of the City of Boston dated November 16, 1916.

The evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. That the contract is one for personal services.

"2. That F. J. Shetter had no authority as agent of the defendant to employ or discharge the plaintiff.

"3. That the defendant has not broken its contract with the plaintiff.

"4. That there is no evidence on which the plaintiff can recover under count 1.

"5. That there is no evidence on which the plaintiff can recover in count 2.

"6. That on all the evidence the plaintiff is not entitled to recover."

The trial judge refused to give any of these rulings.

The judge found as follows:

"It would seem that there was sufficient evidence to justify a finding that the agent Shetter did have authority in this particular case not only to employ the plaintiff, but also to discharge him, but if there was not sufficient evidence to justify such a finding, there was ample and sufficient evidence showing the acts of the agent Shetter, both in employing and discharging the plaintiff were ratified and confirmed by the defendant. I am unable to make any of the findings of facts as requested by the defendant.

"I make my finding on the first count in the declaration. I do not pass on the second count in the declaration, as the damages suffered by the plaintiff in the first count exceed the jurisdiction of this court.

"I find as a fact that the plaintiff did give his personal services and attention under the contract declared on."

The judge found for the plaintiff in the sum of $2,000 and reported the case to the Appellate Division. The Appellate Division dismissed the report; and the defendant appealed.

*R. P. Dellinger,* for the defendant.

*D. D. Corcoran,* for the plaintiff.

CROSBY, J. This is an action of contract to recover damages for an alleged breach of a written contract entered into between the plaintiff and the defendant on May 6, 1916, by the terms of which the plaintiff was employed for one year from the date thereof to "personally solicit and take orders for slicing machines such as may be handled by the company."

In making the contract, one Shetter, a salesman in the employ

of the defendant, acted for it. It is the contention of the defendant that Shetter had no authority to make the contract. The case was tried before a judge of the Municipal Court of the City of Boston, who found that the plaintiff signed in duplicate the contract declared on; that on the same date it was sent by Shetter, together with a report concerning the plaintiff's ability and qualifications, to the home office of the defendant at La Porte, Indiana; and that "Upon consideration of Mr. Shetter's report the proper officials decided to engage the plaintiff as salesman and executed the contract, forwarding a duplicate original to the plaintiff on or about May 8, 1916." Upon the foregoing facts a finding that the defendant ratified the acts of Shetter in making the contract on its behalf was amply justified.

The plaintiff began work immediately after receiving a duplicate of the contract signed by the defendant and continued in its employ until June 8, 1916, when he received from Shetter a letter dated June 7, 1916, stating that. "The Company has decided to make a district territory out of Massachusetts, Maine, New Hampshire and Vermont, and for this reason we will have to cancel your contract," and directing the plaintiff to turn over to one Lemen certain stock, the property of the company. The defendant contended that Shetter had no authority to discharge the plaintiff. If the evidence were sufficient to warrant a finding in favor of that contention, still it could have been found that the defendant, in a letter written by it to the plaintiff on June 12, 1916, fully recognized and ratified such dismissal and placed Lemen in charge as its salesman of the territory previously covered by the plaintiff under his contract. The record shows that there was considerable correspondence between the plaintiff and the defendant, and between their respective attorneys after the plaintiff had been discharged. A finding was warranted that the plaintiff at no time waived his rights under his contract.

There was evidence that before entering into the contract in question, the plaintiff had been engaged as an agent in the sale of certain articles, which he continued to sell while in the employ of the defendant. It is the contention of the defendant that it was entitled to the entire time of the plaintiff in the sale of its goods, and that his acts in selling the products of others amounted to a breach of the contract. This contention cannot be sustained;

there is nothing in the contract that limited the plaintiff to the sale of the defendant's goods exclusively, and no provision which entitled the defendant to his entire time. The only portion of the contract having any bearing on these questions is the last sentence of the seventh paragraph, which provides that "The salesman shall not during the life of this contract handle or represent or be interested in the sale of any other goods of like kinds as those handled by the company." But there is nothing to show that the goods sold by the plaintiff were such as in any way violated this clause. The contract contains no provision that the plaintiff should devote his entire time to the sale of the defendant's goods, nor can such a construction of its terms be implied. He was not employed at a definite salary but was entitled to receive a commission on sales actually made by him. The clause above quoted would seem to indicate that it was the intention of the parties that the plaintiff might sell other goods provided they were not "of like kinds as those handled by the company."

At the close of the evidence the defendant made six requests for rulings, which were refused; a finding was made for the plaintiff on the first count, and damages were assessed in the sum of $2,000.

The first request, "that the contract is one for personal services," was refused properly. While the contract in a sense was one for personal services, it was not, for the reasons above stated, a contract for the entire time of the plaintiff; accordingly the cases relied on by the defendant are not applicable.

The second, third and fourth requests could not have been given for the reasons already stated.

The fifth request has become immaterial as the court made no finding upon the second count.

The sixth request, "That on all the evidence the plaintiff is not entitled to recover," could not properly have been given, because a finding was warranted that the defendant had committed a breach of the contract, which would entitle the plaintiff to recover at least nominal damages; accordingly, it is unnecessary to determine whether the evidence relating to damages was admissible or was too uncertain and remote, as this question is not properly before us.

*Order dismissing report affirmed.*